**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>)<br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>WILLIAM YOUNG, )<br><br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 03-20116-01-KHV |

**ORDER**

This matter is before the Court on defendant's <u>Motion To Vacate Judgment And Reinstate</u>
<u>Appellate Rights Lost Through Dereliction Of Counsel Pursuant to 28 U.S.C. § 2255 And F.R.Civ.P.,</u>
<u>Rule 60(b) And Affidavit In Support Of Ineffectiveness Of Counsel Claim</u> (Doc. #66) filed January 25,
2005. On June 6, 2005, the Court held an evidentiary hearing on defendant's motion. For reasons set
forth below, the Court sustains defendant's motion and directs the Clerk to reenter judgment so that
defendant can file a direct appeal.

**Factual Background**

On August 21, 2003, a grand jury returned a six-count indictment which, in part, charged defendant
with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in
violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. <u>See</u> <u>Indictment</u> (Doc. #1). Defendant pled guilty
to that charge. Defendant's total offense level was 29, with a criminal history category VI, resulting in a
sentencing range of 151 to 188 months. On March 8, 2004, the Court sentenced defendant to 151 months
in prison.

On January 25, 2005, defendant filed this motion under 28 U.S.C. § 2255.  Defendant claims that

his conviction should be vacated because counsel was ineffective in not filing an appeal to argue that (1) the

government breached the plea agreement at sentencing and (2) defendant's plea was not supported by

sufficient evidence and was involuntary.[1]  Motion To Vacate (Doc. #66) at 10.  On June 6, 2005, the

Court held an evidentiary hearing on defendant's motion.[2]

Based on the testimony at the hearing, the Court finds the following facts:

Immediately after sentencing on March 8, 2004 and on several occasions before the deadline to

appeal, defendant asked counsel to file an appeal.  Counsel told defendant that he did not have any

winnable issues on appeal and that he would not do so.  Defendant continued to tell counsel that he wanted

to appeal.

Defense counsel testified that within 30 days after the Court entered judgment, defendant reluctantly

agreed not to appeal but rather to pursue a Rule 35 motion by cooperating in another matter.  Defense

counsel did not claim that defendant made this decision within the allotted time for appeal, however, and

defendant testified that he never agreed to forego an appeal.  The Court therefore finds that throughout the

time allowed for appeal, defendant consistently instructed counsel to file a notice of appeal.  In early June of

2004, defendant again insisted that counsel file an appeal.  On July 9, 2004, counsel replied that it was too

---

[1]     The government argued that defendant's claims are barred because the plea agreement waived any right to appeal or to file a collateral attack.  See Motion To Enforce The Plea Agreement (Doc. #67) at 1.  On April 4, 2005, the Court overruled the government's motion.  See Order (Doc. #72).

[2]     At the evidentiary hearing, defendant dropped any argument that (1) counsel should have filed an appeal because the government had insufficient evidence to support defendant's plea of guilty and the government forced defendant to plead guilty and (2) defendant's plea was not voluntary because counsel did not advise him of the discretionary nature of the United States Sentencing Guidelines.

late to appeal, that defendant would not have won an appeal, and that it would not make any sense to try

to appeal at that point.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the

proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250,

253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a

"complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

"[Section] 2255 is not available to test the legality of matters which should have been raised on

appeal."  United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982

F.2d 447, 448 (10th Cir. 1992)).  In a Section 2255 petition, defendant is precluded from raising issues

which were not raised on direct appeal "unless he can show cause for his procedural default and actual

prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur

if his claim is not addressed."  Allen, 16 F.3d at 378.

Defendant argues that counsel was ineffective by failing to appeal.  Where a lawyer disregards

specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both

professionally unreasonable and presumptively prejudicial.  See Roe v. Flores-Ortega, 528 U.S. 470, 477,

484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).  If defendant requests

an appeal, counsel must file a timely notice of appeal.  If counsel believes after conscientious examination

that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under

Anders v. California, 386 U.S. 738 (1967).

Here, during the appeal period, counsel refused to file an appeal despite defendant's specific

instructions to do so.[3]   In these circumstances, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial.[4]   See Flores-Ortega, 528 U.S. at 477, 484-85; Snitz, 342 F.3d at 1155-56.   The Court must therefore grant defendant relief from the judgment of March 11, 2004 so that he may file a timely notice of appeal.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Judgment And Reinstate Appellate Rights Lost Through Dereliction Of Counsel Pursuant to 28 U.S.C. § 2255 And F.R.Civ.P., Rule 60(b) And Affidavit In Support Of Ineffectiveness Of Counsel Claim (Doc. #66) filed January 25, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Judgment (Doc. #53) filed March 11, 2004 be and hereby is **VACATED**.   The Clerk is directed to reenter judgment in this matter on the same conditions as the previous judgment so that defendant can file a timely notice of appeal.

Dated this 10th day of June, 2005, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[3]      As noted, counsel did not testify that he obtained defendant's agreement not to appeal before this date.   The Court has the highest regard for defense counsel and recognizes that he had strategic reasons for recommending that defendant not file an appeal.   Moreover, counsel may have reasonably believed that defendant agreed with his recommendation at some point in time.

[4]      The Court expresses no opinion on the merits of defendant's appeal.   See Flores-Ortega, 528 U.S. at 484 (defendant not required to make showing of merits of appeal).