## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 03-20116-01-KHV** |
| WILLIAM YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,
Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #120) filed December 21, 2007
and defendant's <u>Motion To Amend [And For Appointment Of Counsel]</u> (Doc. #123) filed March 20,
2008.  For reasons stated below, the Court overrules defendant's motions.

### Factual Background

On August 21, 2003, a grand jury returned a six-count indictment which, in part, charged
defendant with conspiracy to distribute and possess with intent to distribute five grams or more of
cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  <u>See</u> <u>Indictment</u> (Doc. #1).
Defendant pled guilty to that charge.  The Court determined that defendant was a career offender
under U.S.S.G. § 4B1.1(a) because (1) in this case, he was convicted of a controlled substance
offense, and (2) he had a prior conviction for a crime of violence – attempted aggravated battery –
and a prior conviction for a controlled substance offense.[1]  Defendant's total offense level was 29,

---

[1]     On June 18, 1999, in the District Court of Johnson County, Kansas, defendant pled
guilty to the crime of attempted aggravated battery in violation of K.S.A. § 21-3410.  Under Kansas
law, the crime of attempt to violate K.S.A. § 21-3410 is a level 9 felony, non-drug offense.  <u>See</u>
K.S.A. §§ 21-3301, 21-2410.  Based on defendant's criminal history, his presumptive sentencing
(continued...)

with a criminal history category VI, resulting in a sentencing range of 151 to 188 months.  On March 8, 2004, the Court sentenced defendant to 151 months in prison.

On January 25, 2005, defendant filed his first motion under 28 U.S.C. § 2255.  Defendant claimed that his conviction should be vacated because counsel was ineffective in not filing an appeal to argue that (1) the government breached the plea agreement at sentencing and (2) defendant's plea was not supported by sufficient evidence and was involuntary.  See Motion To Vacate (Doc. #66) at 10.  On June 6, 2005, the Court held an evidentiary hearing on defendant's motion.[2]  On June 10, 2005, the Court sustained defendant's Section 2255 motion in part, vacated the judgment of March 11, 2004, and directed the clerk to reenter judgment on the same conditions as the previous judgment so that defendant could file a timely notice of appeal.  The Tenth Circuit considered defendant's appeal as a direct appeal of his conviction, but it granted the government's motion to enforce the plea agreement waiver of appeal.  See United States v. Young, 206 Fed. Appx. 779 (10th Cir. 2006).

On December 21, 2007, defendant filed a second motion to vacate his sentence under 28

---

[1](...continued)
range was 9 to 11 months with a presumption of probation.  See K.S.A. § 21-4704(b).  On August 5, 1999, the Johnson County Court sentenced defendant to 11 months in prison, but suspended the sentence and placed defendant on probation for a period of 24 months.

On March 25, 1999, in the District Court of Johnson County, Kansas, defendant pled guilty to the crime of possession with intent to sell cocaine.  On April 23, 1999, the Johnson County Court sentenced defendant to 19 months in prison, but suspended the sentence and placed defendant on probation for a period of 36 months.

[2]    At the evidentiary hearing, defendant dropped any argument that (1) counsel should have filed an appeal because the government had insufficient evidence to support defendant's plea of guilty and the government forced defendant to plead guilty and (2) defendant's plea was not voluntary because counsel did not advise him of the discretionary nature of the United States Sentencing Guidelines.

U.S.C. § 2255.[3]  Liberally construed, defendant's Section 2255 motion alleges that (1) defense counsel was ineffective because he did not inform defendant that he was a career offender under the Sentencing Guidelines; (2) defense counsel was ineffective because he did not object to use of defendant's prior conviction, which resulted in a sentence of less than one year, in applying the career offender provision; and (3) the district court erred in applying the career offender provision by considering defendant's prior conviction for attempted aggravated battery which resulted in a sentence of less than one year.  In his Section 2255 motion and also his motion to amend, which refers to 18 U.S.C. § 3582(c)(2), defendant asserts that his sentence should be reduced under the recent amendments to the Sentencing Guidelines which involve crack cocaine offenses.

### Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

**I.     Procedural Bar – Waiver Of Collateral Challenges (Claims 2 and 3)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed

---

[3]      Because the Tenth Circuit considered defendant's prior appeal a direct appeal of his conviction, the Court considers the instant motion as defendant's first Section 2255 motion, i.e. his first Section 2255 motion following his direct appeal.

issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

A.   Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

**11.   Waiver of Appeal and Collateral Attack.**   Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 11.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187.  In this case, defendant's second and third claims do not challenge the validity of the plea or waiver.  Accordingly, such claims fall within the scope of the waiver in the plea agreement. See id.

      B.      Knowing And Voluntary Nature Of The Plea

      To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  Here, the Tenth Circuit concluded that defendant's plea was knowing and voluntary.  See Young, 206 Fed. Appx. at 785.  In particular, the Tenth Circuit stated as follows:

> Additionally, a review of the plea colloquy demonstrates that Young understood the rights he was waiving and the terms of the plea agreement and that the court would review his past criminal record in arriving at a sentence.  Young indicated that he knew the consequences of a guilty plea and that he was satisfied with his counsel's representation.  The court explained that its final calculation of Young's sentence could differ from any calculation made by Young's attorney and that anything discovered during the presentence investigation could have a "big effect," unanticipated by counsel, on Young's final sentence.  The court also made it clear to Young that by waiving his appeal rights, if a disagreement ensued about which sentencing guidelines apply, he would be unable to do anything about it and that, ultimately, the court was not bound in any way by the suggestions agreed upon in the agreement.  When asked, Young responded that he understood that the court could take into account many things at sentencing, including his past criminal record and his role in the offense relative to the roles others played.

Id. (footnote omitted).  In sum, the language of the plea agreement, the plea petition and the Rule 11

colloquy leaves "no doubt" that defendant's plea and waiver of his rights was knowing and voluntary.  Id.

     C.    Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  Hahn, 359 F.3d at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.  Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above.  In particular, defendant received a sentence of 151 months in prison which is significantly less than the statutory maximum of 40 years.  See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005).  The Court finds that enforcing the waiver will not result in a miscarriage of justice.  In sum, defendant's second and third claims are barred by the waiver of collateral challenges in the plea agreement.

## II.        Procedural Bar – Failure To Appeal (Claim 3)

Defendant asserts sentencing errors (Claim 3).  Such a claim is barred because defendant failed to raise it on direct appeal.  Section 2255 is not available to test the legality of matters which should have been raised on appeal.  United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citing United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)).  Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  Allen, 16 F.3d at 378.  Defendant has not satisfied any of these exceptions.

Defendant does not allege cause for his procedural default.  Defendant also has not demonstrated "prejudice," i.e. that the alleged errors worked to his actual and substantial disadvantage, infecting his entire sentence with error of constitutional dimensions.  United States v. Frady, 456 U.S. 152, 170 (1982).  Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice."  The Supreme Court has held that this exception applies only if one is actually innocent.  See Bousley v. United States, 523 U.S. 614, 623 (1998).  Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences.  See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime).  But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not required for proof of underlying conviction).  In any event, defendant has not shown that he is

actually innocent of the charge against him or the elements which form the basis of the career offender provision.  Therefore, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this additional procedural bar, defendant's third claim is overruled.

### III.   Substantive Merit Of Defendant's Ineffective Assistance Claims (Claims 1 and 2)

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449.  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

A.   Ineffective Assistance - Failure To Advise Defendant About Potential Application Of Career Offender Provision (Claim 1)

Defendant alleges that defense counsel was ineffective because he did not inform defendant that he was a career offender under the Sentencing Guidelines.  In addressing a similar claim on direct appeal, the Tenth Circuit held that defendant did not demonstrate that counsel's alleged failure

to advise him about the potential application of the career offender provision constituted ineffective assistance of counsel.  See Young, 206 Fed. Appx. at 785.  In particular, the Tenth Circuit held that counsel's alleged advice was not deficient because a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."  Id.

Even if defense counsel's alleged failure to advise defendant about the career offender provision was deficient, he has not shown a reasonable probability that but for his alleged misunderstanding of the plea agreement, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty.  See Rantz, 862 F.2d at 810-11.  On defendant's direct appeal, the Tenth Circuit also concluded that defendant did not establish prejudice from his alleged misunderstanding of the plea agreement.  See Young, 206 Fed. Appx. at 785 (defendant did not show that but for alleged errors, he would not have pled guilty and insisted on going to trial). In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis, 417 U.S. at 346.

B.    Ineffective Assistance - Failure To Object To Use Of Prior Conviction (Claim 2)

Defendant alleges that defense counsel was ineffective because he did not object to use of one of defendant's prior convictions for aggravated battery which did not involve a crime punishable by more than one year.  As explained above, based on defendant's criminal history, his presumptive sentencing range in state court was 9 to 11 months with a presumption of probation.  On August 5, 1999, the state court sentenced defendant to a suspended sentence of 11 months.  The Kansas Sentencing Guidelines require a sentencing judge to "impose the presumptive sentence provided by the sentencing guidelines."  K.S.A. § 21-4716(a) (2005 Supp.).  Before June 26, 2000 (the date of

Apprendi v. New Jersey, 530 U.S. 466 (2000)), however, Kansas courts also could impose an upward departure from the presumed sentence pursuant to K.S.A § 21-4716.  Greatly simplified, based upon the court's finding of aggravating factors, K.S.A. § 21-4716 (2000 Supp.) allowed a term beyond the maximum specified in the appropriate sentencing grid box.  State v. Gould, 271 Kan. 394, 23 P.3d 801, 812 (2001).

In Gould, the Kansas Supreme Court held that based on Apprendi, the state's departure sentencing scheme was unconstitutional.  Therefore, as to convictions which became final between June 26, 2000 and June 6, 2002, when the Kansas legislature amended the upward departure sentencing scheme to comply with Apprendi, the maximum possible sentence was the presumptive sentence provided by the Kansas sentencing guidelines.  Here, defendant's maximum presumptive sentence under the grid was 11 months with a presumption of probation.  Under the prior version of K.S.A. Section 21-4719, however, the sentencing judge had discretion to sentence defendant up to 22 months.  Because defendant's state conviction was final before June 26, 2000, the Court would have overruled any objection to use of his prior conviction in calculating whether defendant qualified as a career offender.  See United States v. Norris, 319 F.3d 1278, 1283 (10th Cir. 2003); see also United States v. Arnold, 113 F.3d 1146, 1148 (10th Cir. 1997) (even though defendant received 11 month sentence in Kansas, state court had power to depart upward beyond 12 months so crime qualified as one punishable for term in excess of one year).[4]  Accordingly, counsel's failure to object to use of defendant's conviction of aggravated battery was not deficient or prejudicial.

**IV.    Substantive Merits Of Defendant's Sentencing Error Claim (Claim 3)**

Defendant alleges that the district court erred in applying the career offender provision by

---

[4]    Defendant relies on United States v. Plakio, 433 F.3d 692 (10th Cir. 2005), but defendant's prior conviction in that case was final after Apprendi but before Kansas implemented a new sentencing scheme.  See id. at 695.

considering defendant's prior conviction which resulted in a sentence of less than one year.  As explained above, the Tenth Circuit has held that for convictions which were final before the date of Apprendi (June 26, 2000), sentencing judges in Kansas were not limited to the maximum presumptive sentence under the guidelines.  The Court therefore overrules defendant's objection on this ground.

## V.    Amendment 706 To The Sentencing Guidelines

Defendant asks the Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  In particular, defendant relies on the amendments to the sentencing guidelines on offenses involving crack cocaine.  See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendments 706 and 711.  Section 3582(c)(2) authorizes the district court to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 1B1.10, one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range.  Because the Court sentenced defendant under the career offender guideline, U.S.S.G. § 4B1.1, and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief.  See, e.g., United States v. Biami, No. 95-cr-93, 2008 WL 1869108, at *2-4 (E.D. Wis. Apr. 22, 2008); United States v. Sharkey, No. 02-40145-SAC, 2008 WL 1766966, at *2 (D. Kan. Apr. 15, 2008); United States v. Gutierrez, No. 02-cr-00027 (AHN), 2008 WL 927564, at *2 (D. Conn. Apr. 4, 2008).  Throughout his motions, defendant refers to the Section 3553(a) factors, but those factors apply only if defendant's guideline range has been lowered by the Sentencing Commission as required by

Section 3582(c)(2).   <u>See</u> <u>Biami</u>, 2008 WL 1869108, at *4.   The Court therefore overrules defendant's arguments based on Amendment 706 to the Sentencing Guidelines.

**VI.      Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required.   <u>See</u> <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #120) filed December 21, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Amend [And For Appointment Of Counsel]</u> (Doc. #123) filed March 20, 2008 be and hereby is **OVERRULED**.

Dated this 3rd day of June, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge