**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 03-20116-01-KHV |
| WILLIAM YOUNG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On June 3, 2008, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's Motion To Alter or Amend Judgment (Doc. #126) filed June 20, 2008. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On August 21, 2003, a grand jury returned a six-count indictment which, in part, charged defendant with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Indictment (Doc. #1). Defendant pled guilty to that charge. The Court determined that defendant was a career offender under U.S.S.G. § 4B1.1(a) because (1) in this case, he was convicted of a controlled substance offense, and (2) he had a prior conviction for a crime of violence – attempted aggravated battery – and a prior conviction for a controlled substance offense.[1] Defendant's total offense level was 29,

---

[1] On June 18, 1999, in the District Court of Johnson County, Kansas, defendant pled guilty to the crime of attempted aggravated battery in violation of K.S.A. § 21-3410. Under Kansas law, the crime of attempt to violate K.S.A. § 21-3410 is a severity level IX felony, non-drug offense. See K.S.A. §§ 21-3301, 21-3410. Based on defendant's criminal history, his presumptive sentencing range was 9 to 11 months with a presumption of probation. See K.S.A. § 21-4704(b). On August 5, 1999, the Johnson County Court sentenced defendant to 11 months in prison, but suspended the
(continued...)

with a criminal history category VI, resulting in a sentencing range of 151 to 188 months. On March 8, 2004, the Court sentenced defendant to 151 months in prison.

On January 25, 2005, defendant filed his first motion under 28 U.S.C. § 2255. Defendant claimed that his conviction should be vacated because counsel was ineffective in not filing an appeal to argue that (1) the government breached the plea agreement at sentencing and (2) defendant's plea was not supported by sufficient evidence and was involuntary. See Motion To Vacate (Doc. #66) at 10. On June 6, 2005, the Court held an evidentiary hearing on defendant's motion.[2] On June 10, 2005, the Court sustained defendant's Section 2255 motion in part, vacated the judgment of March 11, 2004, and directed the clerk to reenter judgment on the same conditions as the previous judgment so that defendant could file a timely notice of appeal. The Tenth Circuit considered defendant's appeal as a direct appeal of his conviction, but it granted the government's motion to enforce the plea agreement waiver of appeal. See United States v. Young, 206 Fed. Appx. 779 (10th Cir. 2006).

On December 21, 2007, defendant filed a second motion to vacate his sentence under 28

---

[1](...continued)
sentence and placed defendant on probation for a period of 24 months.
    On March 25, 1999, in the District Court of Johnson County, Kansas, defendant pled guilty to the crime of possession with intent to sell cocaine. On April 23, 1999, the Johnson County Court sentenced defendant to 19 months in prison, but suspended the sentence and placed defendant on probation for a period of 36 months.

[2]     At the evidentiary hearing, defendant dropped any argument that (1) counsel should have filed an appeal because the government had insufficient evidence to support defendant's plea of guilty and the government forced defendant to plead guilty and (2) defendant's plea was not voluntary because counsel did not advise him of the discretionary nature of the United States Sentencing Guidelines.

U.S.C. § 2255.[3] Liberally construed, defendant's Section 2255 motion alleged that (1) defense counsel was ineffective because he did not inform defendant that he was a career offender under the Sentencing Guidelines; (2) defense counsel was ineffective because he did not object to use of defendant's prior conviction, which resulted in a sentence of less than one year, in applying the career offender provision; and (3) the district court erred in applying the career offender provision by considering defendant's prior conviction for attempted aggravated battery which resulted in a sentence of less than one year. On June 3, 2008, the Court overruled defendant's motion, finding that (1) defendant's plea agreement waiver barred him from raising claims 2 and 3; (2) defendant's failure to raise claim 3 on direct appeal precluded him from raising it in a Section 2255 petition; and (3) on the substantive merit of his claims, defendant failed to establish either ineffective assistance of counsel or that the district court erred in applying the career offender provision. See United States v. Young, 557 F. Supp.2d 1216 (D. Kan. 2008).

On June 20, 2008, defendant filed a motion to alter or amend the judgment. Specifically, defendant claims that (1) because the career offender provision in the Sentencing Guidelines is ambiguous whether the law at the time of conviction or the law at the time of federal sentencing controls for classification purposes, the rule of lenity entitles him to the benefit of changes in Kansas law implemented after his state conviction but before his federal sentencing, and (2) in the alternative, he is innocent of the career offender provision because the maximum presumptive sentence of one of his predicate convictions was less than one year and thus was not a qualifying conviction under Sections 4B1.1 and 4B1.2(a) of the Sentencing Guidelines.

---

[3] Because the Tenth Circuit considered defendant's prior appeal a direct appeal of his conviction, the Court considers the instant motion as defendant's first Section 2255 motion, i.e. his first Section 2255 motion following his direct appeal.

**Analysis**

Rule 59(e), Fed.R.Civ.P., permits plaintiff's motion to alter or amend the Court's judgment. Only limited grounds support a Rule 59(e) motion. See Brown v. Day, 477 F. Supp. 2d 1110, 1112 (D. Kan. 2007) (citing Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000)) (Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"). The Court has discretion whether to grant or deny a Rule 59(e) motion. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Initially, the Court notes that defendant does not dispute that his claims related to the career offender provision are procedurally barred by the waiver in the plea agreement. For that reason alone, the Court overrules defendant's motion to alter or amend. In addition, defendant's claims lack substantive merit.[4]

**I.    Statutory Construction - Rule of Lenity**

In his motion to reconsider, defendant argues that counsel was ineffective in not asserting that under the rule of lenity, his conviction for aggravated battery did not involve a crime punishable by more than one year. In particular, defendant argues that the career offender provision, U.S.S.G. § 4B1.1(a), is ambiguous whether a predicate offense is determined by the law at the time of his state

---

[4] Defendant maintains that even if the Court rejects the arguments in his motion to alter or amend, the Court may nevertheless re-sentence him below the guidelines range. See Addendum To Motion To Alter Or Amend Judgment (Doc. #127) filed July 17, 2008. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here.

conviction or the law at the time of his federal sentencing. The career offender enhancement provision provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The term "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for the term exceeding one year." U.S.S.G. § 4B1.2(a). Defendant argues that the term "punishable" is ambiguous because it does not state whether the prior qualifying state conviction must be "punishable" by imprisonment for the term exceeding one year on the date of the state conviction or on the date the federal conviction occurred. Defendant's Motion To Alter or Amend Judgment (Doc. #126) at 2.

A statute or Sentencing Guideline is not "'ambiguous' for purposes of lenity merely because it [is] possible to articulate a construction more narrow than that urged by the Government." Moskal v. United States, 498 U.S. 103, 108 (1990); see Mallett v. United States, 334 F.3d 491 (6th Cir. 2003); see also Taylor v. United States, 495 U.S. 575, 596 (1990) (rule of lenity cannot dictate implausible interpretation of statute). Section 4B1.2(c) states that a defendant sustains a conviction on the date that the guilt of defendant has been established. In light of this provision, Section 4B1.2(a) is "sufficiently clear that the classification of a [crime of violence] as a felony or a misdemeanor is to be determined as of the date that the defendant's guilt of the offense was established." Mallett, 334 F.3d at 503 (interpreting same language in U.S.S.G. § 4B1.2(b)); United States v. Johnson, 114 F.3d 435, 445 (4th Cir.) (rejecting contention that defendant was not career offender because prior conviction was no longer felony under revised criminal statute), cert. denied,

-5-

522 U.S. 903 (1997); see also United States v. Norris, 319 F.3d 1278, 1280 (10th Cir. 2003) (for purposes of felon in possession statute, 18 U.S.C. § 922(g)(1), court reviews maximum possible sentence at time of prior convictions).  Second, as explained in a prior order, the presumptive sentence in the Kansas guidelines was only the maximum possible sentence for convictions which became final between June 26, 2000 and June 6, 2002.  See Young, 557 F. Supp.2d at 1224.  Because defendant's state conviction was final before June 26, 2000, the Kansas guidelines did not reduce the maximum punishment for *his crime*.  Finally, defendant cannot invoke the rule of lenity because the maximum punishment for aggravated burglary was more than 12 months when he was convicted in federal court (March of 2004) and when he committed the underlying federal crime (June and July of 2003).  The rule of lenity does not apply in this case.  The Court therefore overrules defendant's motion on this ground.

## II.     Actual Innocence Of Career Offender Enhancement

In the alternative, defendant asserts that he is actually innocent of the career offender enhancement because the 11-month sentence on the state conviction does not qualify as a predicate conviction.  Defendant argues that because aggravating elements which could have exposed him to a maximum statutory sentence of 22 months were not present when he committed the offense, the offense level did not exceed one year as required under U.S.S.G. § 4B1.2(a). Defendant's state court conviction was final before Apprendi v. New Jersey, 530 U.S. 466 (2000).  Defendant correctly points out that under Kansas sentencing guidelines, his presumptive sentencing range was 9 to 11 months with a presumption of probation.  See K.S.A. § 21-4704(b).  Even though defendant's presumptive maximum and his actual sentence were less than one year, Kansas law permitted the trial court to depart up to "double the maximum duration of the presumptive imprisonment term."

K.S.A. § 21-4719(b)(2). Accordingly, even though the state court judge did not depart from the guidelines in sentencing defendant, his conviction was nonetheless punishable by terms exceeding one year due to the possibility of a departure. See Norris, 319 F.3d at 1283 (defendant could not claim that maximum sentence was less than year because trial court could have departed up to prison term greater than one year and conviction occurred before Apprendi); United States v. Arnold, 113 F.3d 1146, 1148 (10th Cir. 1997) (because then-applicable sentencing scheme permitted upward departures from maximum presumptive sentence based on aggravating factors, underlying offense qualified as predicate conviction for purposes of felon in possession statute, 18 U.S.C. § 922, where departure sentence *could* exceed one year); see also App. Note 1 to U.S.S.G. § 4B1.2 (prior felony conviction means offense punishable by imprisonment for more than one year regardless of actual sentence imposed); Arnold, 113 F.3d at 1148 (what matters is not actual sentence but maximum possible sentence).[5]

**IT IS THEREFORE ORDERED** that defendant's Motion To Alter or Amend Judgment (Doc. #126) filed June 20, 2008 be and hereby is **OVERRULED**.

Dated this 27th day of October, 2008 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge

---

[5] Defendant cites United States v. Rodriguez, 128 S. Ct. 1783 (2008), for his contention that the offense charged is what defines the "punishable offense" for purposes of the career offender enhancement. Rodriguez held that the "maximum term of imprisonment . . . prescribed by law" refers to the maximum term prescribed by the relevant criminal statute, not the top sentence in a guidelines range. 128 S. Ct. at 1792. Here, defendant was convicted of a level IX felony, non-drug offense, which carries a maximum penalty of 17 months (or 34 months under the pre-Apprendi sentencing scheme). Because the maximum penalty for the *crime* exceeded one year, defendant is not entitled to relief under Rodriguez. See United States v. Hill, 539 F.3d 1213, 1221 (10th Cir. 2008).