IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 03-20116-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| WILLIAM YOUNG, | ) | No. 14-2300-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #130) filed June 23, 2014. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

On August 21, 2003, a grand jury returned a six-count indictment which, in part, charged defendant with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Indictment (Doc. #1). Defendant pled guilty to that charge. The Court determined that defendant was a career offender under U.S.S.G. § 4B1.1(a) because (1) in this case, he was convicted of a controlled substance offense, and (2) he had a prior conviction for a crime of violence – attempted aggravated battery – and a prior conviction for a controlled substance offense.[1] Defendant's total offense level was 29,

---

[1] On June 18, 1999, in the District Court of Johnson County, Kansas, defendant pled guilty to the crime of attempted aggravated battery in violation of K.S.A. § 21-3410. Under Kansas law, the crime of attempt to violate K.S.A. § 21-3410 is a severity level IX felony, non-drug offense. See K.S.A. §§ 21-3301, 21-3410. Based on defendant's criminal history, his presumptive sentencing range was 9 to 11 months with a presumption of probation. See K.S.A. § 21-4704(b). On August 5, 1999, the Johnson County District Court sentenced defendant to 11 months in prison, but suspended

(continued...)

with a criminal history category VI, resulting in a sentencing range of 151 to 188 months.  On March 8, 2004, the Court sentenced defendant to 151 months in prison.

On January 25, 2005, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.  On June 10, 2005, the Court sustained defendant's Section 2255 motion in part, vacated the judgment of March 11, 2004, and directed the clerk to reenter judgment on the same conditions as the previous judgment so that defendant could file a timely notice of appeal.  The Tenth Circuit considered defendant's appeal as a direct appeal of his conviction, but it granted the government's motion to enforce the plea agreement waiver of appeal.  See United States v. Young, 206 Fed. Appx. 779 (10th Cir. 2006).  On December 21, 2007, defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255.[2]  On June 3, 2008, the Court overruled defendant's motion, finding that (1) defendant's plea agreement waiver barred him from raising certain claims; (2) defendant's failure to raise one of the claims on direct appeal precluded him from raising it in a Section 2255 petition; and (3) on the merits, defendant failed to establish ineffective assistance of counsel or error in applying the career offender provision.  See United States v. Young, 557 F. Supp.2d 1216, 1222-25 (D. Kan. 2008).  On October 27, 2008, the Court overruled defendant's motion to alter or amend judgment.  See Memorandum And Order (Doc. #128).

---

[1](...continued)
the sentence and placed defendant on probation for a period of 24 months.

On March 25, 1999, in the District Court of Johnson County, Kansas, defendant pled guilty to the crime of possession with intent to sell cocaine.  On April 23, 1999, the Johnson County District Court sentenced defendant to 19 months in prison, but suspended the sentence and placed defendant on probation for a period of 36 months.

[2]      Because the Tenth Circuit considered defendant's prior appeal as a direct appeal of his conviction, the Court considered the motion filed on December 21, 2007 as defendant's first Section 2255 motion, i.e. his first Section 2255 motion following his direct appeal.

On June 23, 2014, defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that the Court misapplied the career offender provision in the Sentencing Guidelines because the maximum presumptive sentence of his attempted aggravated battery conviction was less than one year and thus was not a qualifying conviction under Sections 4B1.1 and 4B1.2(a) of the Sentencing Guidelines.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources

to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant essentially seeks relief based on the Tenth Circuit decision in United States v. Brooks, 751 F.3d 1204, 1213 (10th Cir. 2014), which held that in determining whether a prior offense qualifies as a felony under the career offender provision, "the maximum amount of prison time a particular defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." In Brooks, the Tenth Circuit relied on the Supreme Court decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), which held that under the Immigration and Nationality Act ("INA"), a prior conviction is an "aggravated felony" only if defendant was "actually convicted of a crime that is itself punishable as a felony under federal law." Id. at 582. The Supreme Court held that the mere possibility that "defendant's conduct, coupled with facts outside of the record of conviction," could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command under the INA. Id. In an apparent effort to avoid the time bar under 28 U.S.C. § 2255, defendant does not rely on Carachuri-Rosendo, which the Supreme Court decided on June 14, 2010. Instead, defendant argues that he is entitled to relief under Descamps v. United States, 133 S. Ct. 2376 (2013), which held that the district court erred by applying the modified categorical approach when sentencing the defendant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because the crime of burglary under the California

statute had a single, indivisible set of elements.  Descamps, 133 S. Ct. at 2285-86.

Here, defendant is not entitled to relief under Carachuri-Rosendo or Descamps because (1) the Court properly applied the career offender provision[3] and (2) even if Carachuri-Rosendo or Descamps set forth a new rule of constitutional law,[4] the Supreme Court has not made either rule

---

[3] Defendant argues that aggravating elements which could have exposed him to a maximum statutory sentence of 22 months were not present when he committed the offense, so the offense level did not exceed the one year required under U.S.S.G. § 4B1.2(a).  In contrast to the prior convictions in United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014), and United States v. Hill, 539 F.3d 1213 (10th Cir. 2008), defendant's state court conviction was final before Apprendi v. New Jersey, 530 U.S. 466 (2000).  Under Kansas sentencing guidelines, his presumptive sentencing range was nine to 11 months with a presumption of probation.  See K.S.A. § 21-4704(b). Even though defendant's presumptive maximum and his actual sentence were less than one year, Kansas law permitted the trial court to depart up to "double the maximum duration of the presumptive imprisonment term."  K.S.A. § 21-4719(b)(2).  Accordingly, even though the state court did not depart from the guidelines in sentencing defendant, defendant's conviction was nonetheless punishable by a term exceeding one year due to the possibility of a departure.  See United States v. Norris, 319 F.3d 1278, 1283 (10th Cir. 2013) (defendant could not claim that maximum sentence was less than year because trial court could have departed up to prison term greater than one year and conviction occurred before Apprendi); United States v. Arnold, 113 F.3d 1146, 1148 (10th Cir. 1997) (because then-applicable sentencing scheme permitted upward departures from maximum presumptive sentence based on aggravating factors, underlying offense qualified as predicate conviction for purposes of felon in possession statute, 18 U.S.C. § 922, where departure sentence *could* exceed one year); United States v. Wetzel-Sanders, No. 04-40156-SAC, 2014 WL 5502407, at *11 (D. Kan. 2014) (Brooks did not overrule Arnold, which remains controlling as to "punishable" term of imprisonment under Kansas guidelines before June 26, 2000, the date of Supreme Court decision in Apprendi); see also App. Note 1 to U.S.S.G. § 4B1.2 (prior felony conviction means offense punishable by imprisonment for more than one year regardless of actual sentence imposed); Arnold, 113 F.3d at 1148 (what matters is not actual sentence but maximum possible sentence).

[4] The Tenth Circuit has found that intervening judicial interpretations of statutory law such as the ACCA do not constitute new rules of constitutional law under § 2255(h)(2).  See Abernathy v. Wandes, 713 F.3d 538, 546-47 (10th Cir. 2013) (Chambers v. United States, 555 U.S. 122 (2009), announced new interpretation of ACCA rather than rule of constitutional law); United States v. Williams, 363 Fed. Appx. 576 (10th Cir. Jan. 27, 2010) (Begay v. United States, 553 U.S. 137 (2008), announced new interpretation of ACCA rather than rule of constitutional law). Following this precedent, the Tenth Circuit likely would find that Carachuri-Rosendo and Descamps do not set forth new rules of constitutional law.  See United States v. Moore, --- Fed. Appx. ----,
(continued...)

retroactive to cases on collateral review, 28 U.S.C. § 2255(h)(2).  See Browning v. United States, 241 F.3d 1262, 1265-66 (10th Cir. 2001) (Supreme Court must make retroactive determination on new rules of constitutional law before court may grant leave to proceed with second or successive habeas petition).  Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #130) filed June 23, 2014, which is a second or successive petition under 28 U.S.C. § 2255, be and hereby is **DISMISSED for lack of jurisdiction**.

Dated this 4th day of February, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
2015 WL 66526, at *1 (10th Cir. Jan. 6, 2015) (Carachuri–Rosendo is immigration decision mainly involving statutory interpretation; defendant does not explain how it announced retroactive new rule of constitutional law); United States v. Scott, 2014 WL 3764167, at *2 (N.D. Okla. 2014) (Descamps did not announce new rule of constitutional law; not likely that Tenth Circuit would authorize second Section 2255 motion).