# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 03-20116-01-KHV |
| ) | |
| WILLIAM YOUNG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On March 8, 2004, the Court sentenced defendant to 151 months in prison and four years of supervised release. On March 8, 2016, the Court revoked defendant's supervised release and sentenced him to eight months in prison to be followed by three years of supervised release. Defendant's appeal of the revocation judgment is currently pending. Daniel T. Hansmeier of the Office of the Federal Public Defender represents defendant on appeal. This matter is before the Court on defendant's pro se <u>Motion For Transcripts And Any Investigative Reports Filed Pro Se Exparte</u> (Doc. #152) filed June 8, 2016. For reasons stated below, the Court overrules defendant's motion.

Defendant asks for a copy of the docket sheet, which the Clerk's Office has already provided him. Accordingly, the Court overrules defendant's request as moot.

Defendant also seeks a copy of numerous other materials including the grand jury transcript, all discovery and transcripts of court proceedings. Defendant purportedly seeks the materials so that he can prepare a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant has not shown that absent the information, he cannot prepare a Section 2255 motion. In particular, defendant has not identified the claims that he intends to pursue or explained why such claims

cannot be raised as part of his current appeal. Absent a showing of a particularized need, before a motion seeking collateral relief such as a Section 2255 motion is filed, the Court generally does not provide copies of transcripts or other information to indigent prisoners. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). The Court therefore overrules defendant's request for copies.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Transcripts And Any Investigative Reports Filed Pro Se, Exparte (Doc. #152) filed June 8, 2016 is **OVERRULED**.

Dated this 29th day of June, 2016 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge